UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 09-40013 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| DOUGLAS ALLEN KAVANAUGH, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

     Pending are three motions to suppress (Docs 17, 19, 34). The hearing is scheduled to occur tomorrow. Defendant has advised counsel and the court of his intention to introduce two images found during a search of defendant's computer. These two images were found on defendant's computer by the sheriff before the search warrant was issued. Whether this search without a warrant was with consent is in dispute and is one of the issues to be considered at tomorrow's hearing. Defendant has also advised counsel and the court of his intention to use a clone of defendant's hard drive to illustrate the steps taken by the sheriff to open his computer. Some information used by the sheriff to support the search warrant was found during these two steps.

     The government objects to the use of the two images and the clone of the hard drive, arguing that the court may not look outside the four corners of the affidavit to determine whether there was probable cause for the search warrant to issue. Defendant has not moved for a *Franks* hearing. *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). There is otherwise no evidence in the record that the sheriff's affidavit contained false information. It follows that there is no evidence before the court to support the conclusion there might be false information in the search warrant was which deliberately or recklessly included within the affidavit. "The test for determining whether an affiant's statements were made with reckless disregard for the truth is not simply whether the affiant acknowledged that what he or she reported was true, but whether, viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his or her

statements or had obvious reasons to doubt the accuracy of the information he or she reported." *United States v. Schmitz*, 181 F.3d 981, 986-87 (8th Cir. 1999).

It is ORDERED that the government's objection to the use of evidence outside the affidavit which was filed in support of the application for the search warrant is SUSTAINED without prejudice.

Dated this 27th day of July, 2009.

BY THE COURT:

s/John E. Simko

John E. Simko
United States Magistrate Judge